**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002812
15-JAN-2014
08:37 AM**

NO. CAAP-13-0002812

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ZACHARY FRED BAILEY,
Plaintiff-Appellee,
v.
BURRELLE DAVID DUVAUCHELLE, Trustee under
Duvauchelle Family Trust u/d/t dated August 14, 2008,
Defendant-Appellant
and
BETTY DUVAUCHELLE, Trustee under Living Trust of Burrelle
Duvauchelle and BETTY DUVAUCHELLE u/d/t dated July 1, 1991,
Defendants-Appellees,
and
LAURENCE H. DORCY, JR.,
Defendant/Third-Party Plaintiff/Appellee,
and
MARY PETERSEN,
Third-Party Defendant/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 06-1-0218(1))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record on appeal, it appears that we
do not have appellate jurisdiction over this appeal that

Defendant-Appellant Burrelle David Duvauchelle, Trustee under Duvauchelle Family Trust u/d/t dated August 14, 2008 (Appellant Burrelle Duvauchelle), has asserted from the Honorable Rhonda I.L. Loo's July 16, 2013 judgment, because the July 16, 2013 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2012), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). For example, the Supreme Court of Hawai'i has held that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires

-2-

that 'every judgment be set forth on a <u>separate</u> document.'"
<u>Price v. Obayashi Hawaii Corporation</u>, 81 Hawai'i 171, 176, 914
P.2d 1364, 1369 (1996) (emphasis added).  Furthermore,

> <u>if a judgment purports to be the final judgment in a case</u>
> <u>involving multiple claims</u> or multiple parties, <u>the judgment</u>
> (a) must specifically identify the party or parties for and
> against whom the judgment is entered, and (b) <u>must (i)</u>
> <u>identify the claims for which it is entered, and (ii)</u>
> <u>dismiss any claims not specifically identified</u>[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).
"For example: 'pursuant to the jury verdict entered on (date),
judgment in the amount of $___ is hereby entered in favor of
Plaintiff X and against Defendant Y upon counts I through IV of
the complaint. . . . .  [A]ll other claims, counterclaims, and
cross-claims are dismissed.'"  <u>Id.</u> at 119-20 n.4, 869 P.2d at
1338-39 n.4.  When interpreting the requirements for a judgment
under HRCP Rule 58, the Supreme Court of Hawai'i has noted that

> [i]f we do not require a judgment that resolves <u>on its face</u>
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions
> of jurisdiction is cast upon this court.  Neither the
> parties nor counsel have a right to cast upon this court the
> burden of searching a voluminous record for evidence of
> finality[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis).
Consequently, "an appeal from any judgment will be dismissed as
premature if the judgment does not, <u>on its face</u>, either resolve
all claims against all parties or contain the finding necessary
for certification under HRCP [Rule] 54(b)."  <u>Id.</u> (original
emphasis).

Because the circuit court already entered a prior
October 25, 2010 HRCP Rule 54(b)-certified judgment on Count 2 of
Plaintiff-Appellee Zachary Fred Bailey's (Appellee Bailey)
amended complaint, the subsequent July 16, 2013 judgment does not

-3-

need to resolve Count 2 of Appellee Bailey's amended complaint. Nevertheless, the July 16, 2013 judgment still needs to resolve all remaining claims in this case, which the July 16, 2013 judgment does not do.  The July 16, 2013 judgment summarizes how a prior June 26, 2013 dismissal order dismissed Count 1 and Counts 3-8 of Appellee Bailey's amended complaint, but, the July 16, 2013 judgment does not expressly enter judgment in favor of or against the appropriate parties on those counts, nor does the July 15, 2013 judgment expressly dismiss those claims. Furthermore, the July 16, 2013 judgment does not address, much less resolve, Defendant/Third-Party Plaintiff/Appellee Laurence H. Dorcy, Jr.'s, third-party complaint against Third-Party Defendant Mary Petersen.  Although the July 16, 2013 judgment does not enter judgment on or expressly dismiss the third-party complaint, the July 16, 2013 judgment does not contain an express finding of no just reason for delay in the entry of judgment as to one or more but less than all claims or parties, as HRCP Rule 54(b) requires under such circumstances.  The July 16, 2013 judgment closes with a statement that "[n]o other claims, parties or issues remain in this case[,]" but the Supreme Court of Hawai'i has specifically explained that

> [a] statement that declares "there are no other outstanding claims" is not a judgment.  If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).  Therefore, the July 16, 2013 judgment does not

-4-

satisfy the requirements for an appealable final judgment under HRCP Rule 58 and the holding in <u>Jenkins</u>.  Absent an appealable final judgment that, on its face, resolves all remaining claims in this case, Appellant Burrelle Duvauchelle's appeal is premature and we lack jurisdiction over appellate court case number CAAP-13-0002812.  Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0002812 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi,  January 15, 2014.

Presiding Judge

Associate Judge

Associate Judge